## Case No. 4,022.

DOUBLEDAY v. SHERMAN et al.

[3 Fish. Pat. Cas. 371.][1]

Circuit Court, S. D. New York. Jan., 1868.

PATENTS—INTERPRETATION—CURLING HAT BRIMS.

The invention described in letters patent granted to Frank S. Sibley, October 9, 1860, consists in employing a rope. strap, or band, to turn up or curl the brims of hats. in combination with upper and lower heated dies. which press a flat sheet of material between them to form a hat.

This was a bill in equity filed to restrain defendants [Frederick Sherman and Henry Boas] from infringing letters patent [No. 30,-379] "for an improvement in curling hat brims," granted to Frank S. Sibley and the complainant [William Doubleday], as assignees of Sibley. October 9, 1860, and subsequently assigned to plaintiff.

The claim of the patent was as follows: "The rope. strap, or band c, in combination

with the dies a and b, for drawing upon and curling the material forming the hat brim as specified."

D. S. Riddle, for complainant.
J. W. R. Bromley, for defendants.

BLATCHFORD, District Judge. This is a final hearing on pleadings and proofs on a bill filed on letters patent granted to Frank S. Sibley and the plaintiff, as assignees of Sibley, the inventor, October 9, 1860, for an "improved method of curling hat brims." The patent has been assigned to the plaintiff. The invention consists in employing a rope, strap, or band. to turn up or curl the brims of hats, in combination with upper and lower heated dies, which press a flat sheet of material between them to form a hat. The lower die has a curved rim near the edge. and as the pressing progresses the rope is laid around the edge of the lower die and drawn in, which gathers the cloth around the edges of the upper die and holds it there while being dried or pressed, and causes the brim of the hat to assume a curled form corresponding to the shape of the die. The infringement is clearly proved. and nothing is shown in defense.

There must be a decree for a perpetual injunction restraining the defendants from further infringement. and a reference to a master to ascertain and report the profits which have accrued to them from the infringement.

[NOTE. Defendant Boas was subsequently prosecuted for a contempt in violating this injunction. See Case No. 4,020.]